U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JOHN FARRELL, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

DIRECTV, LLC,

Defendant.

NO.

**COMPLAINT—CLASS ACTION**

**DEMAND FOR JURY TRIAL**

John Farrell, individually and on behalf of others similarly situated, alleges the following against Defendant DIRECTV, LLC ("DIRECTV").

## I. NATURE OF ACTION

1. In 2017 and 2018, Mr. Farrell received at least 30 marketing calls from or on behalf of DIRECTV on his cellular phone. DIRECTV or its agents repeatedly called Mr. Farrell to solicit his purchase of DIRECTV service.

2. The calls had all the signs of being placed using an automated telephone dialing system ("ATDS"). When Mr. Farrell answered his phone and said hello, no one would immediately answer. Many times, Mr. Farrell was forced to repeatedly say, "Hello, hello, hello," before an agent would come on the line and ask Mr. Farrell if he wanted to purchase DIRECTV's services.

COMPLAINT—CLASS ACTION - 1

3.  Mr. Farrell has never been a DIRECTV customer and did not consent to receive calls from or on behalf of DIRECTV. Although Mr. Farrell repeatedly asked DIRECTV to stop the calls, DIRECTV continued to call him without his consent.

4.  Plaintiff brings this class action for damages and other equitable and legal remedies resulting from DIRECTV's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 1200 ("FCC Rules").

## II.  JURISDICTION AND VENUE

5.  Pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over Plaintiffs' claims under TCPA and FCC Rules because they present a federal question.

6.  This Court also has jurisdiction over this class action under the Class Action Fairness Act, 23 U.S.C. § 1332(d). There are at least one hundred members of the proposed Class. The aggregated claims of individual Class members exceed the sum value of $5,000,000 exclusive of interest and costs, and this is a class action in which DIRECTV and more than two-thirds of the proposed Class are citizens of different states. Plaintiff alleges a nationwide Class with, on information and belief, tens of thousands of members, each of whom is entitled to up to $1,500.00 in statutory damages for each call that violated the TCPA and the FCC Rules.

7.  This Court has personal jurisdiction over DIRECTV because DIRECTV directed the calls that are the subject of this action to Plaintiff's cellular telephone. DIRECTV continuously and systematically conducts business in Washington, including within this District.

8.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III.  PARTIES

9.  Plaintiff John Farrell resides in Tacoma, Washington.

COMPLAINT—CLASS ACTION - 2

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. Defendant DIRECTV, LLC is a California Limited Liability Company with headquarters at 2260 E. Imperial Hwy, El Segundo, CA 90245. The allegations in this Complaint as to acts and omissions by DIRECTV shall be construed as allegations against the DIRECTV, whether such conduct was committed by DIRECTV directly, or through its agents or contractors.

### IV.  FACTUAL ALLEGATIONS

**A.    DIRECTV's pattern of TCPA violations.**

11. DIRECTV has been sued by the Federal Trade Commission ("FTC") and consumers on numerous occasions for violations of the TCPA and the FCC Rules.

12. On December 12, 2005, the United States Department of Justice filed suit against DIRECTV on behalf of the FTC. *United States v. DIRECTV, Inc.*, No. 05-1211 (C.D. Cal. Dec. 12, 2005).

13. The United States sought and obtained civil penalties and injunctive relief against DIRECTV and the telemarketing companies that marketed DIRECTV's goods and services in violation of the TCPA, the FCC Rules, and the Telemarketing Sales Rule, 16 C.F.R. § 310, *et seq.*

14. On December 14, 2005, DIRECTV entered into a Stipulated Judgment and Order for Permanent Injunction consisting of, among other things, a civil penalty against it in the amount of $5,355,000 and myriad injunctions requiring compliance with the TCPA, the FCC Rules, and Telemarketing Sales Rule's prohibitions on telemarketing calls to persons who request not to be called and to persons whose numbers are registered on the National Do not Call Registry.

COMPLAINT—CLASS ACTION - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

15. Despite the severity of the civil penalty and the various injunctions aimed at obtaining compliance, DIRECTV continued to willfully or knowingly violate the TCPA, the FCC Rules, and the Telemarketing Sales Rule.

16. On April 16, 2009 the United States filed a second lawsuit seeking civil penalties and injunctive relief against DIRECTV on behalf of the FTC that mirrored the allegations made in the FTC's prior lawsuit. *United States vs. DIRECTV, Inc.*, No. 09-02605 (C.D. Cal. April 16, 2009).

17. In May of 2009, DIRECTV agreed to a second Stipulated Judgment and Order for Permanent Injunction in which it agreed to pay a civil penalty of $2,310,000 and again consented to a host of injunctive relief, including requirements that it monitor telemarketing campaigns and its authorized marketers to ensure compliance with the TCPA, the FCC Rules, and the Telemarketing Sales Rule.

**B. DIRECTV made non-emergency calls to the cellular phones of Plaintiff and other consumers using an automatic telephone dialing system or prerecorded voice without their prior express written consent.**

18. Plaintiff's telephone number, (XXX) XXX-7970, is assigned to a cellular telephone service.

19. Plaintiff has not been a DIRECTV customer or subscriber at any time and has never consented to receive calls from DIRECTV.

20. In 2017 and 2018, DIRECTV or its agents made approximately 30 telemarketing calls to Mr. Farrell's cellular phone.

21. The telemarketing calls Mr. Farrell received had all the signs of being placed automatically using a predictive dialer. When Mr. Farrell answered the phone, he would say "hello" but no one would respond right away. Many times, Mr. Farrell was forced to repeat his greeting before an agent would finally get on the line.

COMPLAINT—CLASS ACTION - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

22.     Mr. Farrell had not consented to receive the calls and did not know how DIRECTV got his number. When Mr. Farrell asked the DIRECTV agent how DIRECTV got his telephone number, he did not receive an answer.

23.     Mr. Farrell repeatedly asked DIRECTV to stop the calls. However, DIRECTV or its agents continued to call him without his consent.

24.     The content of the calls that Mr. Farrell received from or on behalf of DirectTV demonstrate that the calls were not made for an emergency purpose.

25.     DIRECTV is acutely aware of the TCPA's prohibitions against the use of an ATDS or artificial or prerecorded voices to make calls to cellular phones without the prior express written consent of the called party. Yet, despite the FTC lawsuits and numerous others filed by consumers, DIRECTV or its agents knowingly or willfully violated the TCPA and FCC Rules by making calls to the cellular telephones of Plaintiff and other similarly-situated consumers using an ATDS or artificial or prerecorded voice without their prior express written consent.

**C.     DIRECTV's violations of the TCPA injured Plaintiff.**

26.     During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

27.     DIRECTV's or its agents' calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

28.     DIRECTV's or its agents' calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

COMPLAINT—CLASS ACTION - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V.  CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following Class:

> All persons or entities within the United States who (1) received, on or after January 24, 2016; (2) a non-emergency telemarketing call to his or her cellular telephone; (3) from or on behalf of DIRECTV; (4) promoting goods or services; (5) using an automatic telephone dialing system or artificial or prerecorded voice; and (6) have never been a subscriber of DIRECTV.

Plaintiff reserves the right to amend the Class definition following an appropriate period of discovery.

30.     Excluded from the Class are DIRECTV, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

### Numerosity

31.     At the time of filing, Plaintiff does not know the exact number of Class members. But the number of DIRECTV customers indicates that Class members likely number in the thousands and are geographically disbursed throughout the country.

32.     The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

### Commonality and Predominance

33.     Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

   a.     Whether DIRECTV or its agents used an ATDS or artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express written consent;

   b.     Whether DIRECTV's or its agents' telephone calls were made knowingly or willfully;

COMPLAINT—CLASS ACTION - 6

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

       c.       Whether Plaintiff and Class members were injured by receiving such calls; and

       d.       Whether DIRECTV should be enjoined from engaging in such conduct in the future.

### Typicality

34. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by DIRECTV's or its agents' uniform misconduct—the placement of calls to cellular telephones for non-emergency purposes without the prior written express consent of the called parties.

### Adequacy of Representation

35. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

### Superiority

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of DIRECTV's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce DIRECTV to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

COMPLAINT—CLASS ACTION - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

## VI.  FIRST CLAIM FOR RELIEF

**Violations of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200 for calls made using an ATDS or artificial or prerecorded voice**

37. DIRECTV violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls to cellular telephone numbers, either directly or through the actions of others, using an ATDS or artificial or prerecorded voice without the prior express written consent of the called party.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B. Award $500 in statutory damages for each and every call that DIRECTV negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Award $1,500 in statutory damages for each and every call that DIRECTV willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

D. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring DIRECTV to implement measures to stop future violations of the TCPA; and

E. Grant such further relief as the Court deems proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

COMPLAINT—CLASS ACTION - 8

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   RESPECTFULLY SUBMITTED AND DATED this 24th day of January, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By:   /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 9

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com